IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| PETER MAYO, § | |
|    Petitioner, § | |
| § | |
| VS. § | Civil Action No. 4:13-CV-1001-O |
| § | |
| RODNEY W. CHANDLER, Warden, § | |
| FCI-FORT WORTH, § | |
|    Respondent. § | |

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner, Peter Mayo, a federal prisoner confined in the Federal Correctional Institution in Fort Worth (FCI-Fort Worth), against Rodney W. Chandler, Warden of FCI-Fort Worth, Respondent. The prior referral to the Magistrate Judge is withdrawn. After considering the pleadings and relief sought by Petitioner, the court has concluded that the petition should be dismissed for lack of jurisdiction.

**I. BACKGROUND**

In 2011 Petitioner was indicted and pleaded guilty to conspiracy to distribute and possess with intent to distribute Oxycodone and conspiracy to launder money in the United States District Court for the Eastern District of Tennessee, and was later sentenced to an aggregated term of 162-months' imprisonment. J. in a Criminal Case, *United States v. Mayo*, 3:11-CR-00114-TAV-CCS-1 (E.D. Tenn. Apr. 16, 2012), ECF No. 76. Petitioner did not appeal his conviction or sentence but has filed a § 2255 motion in the convicting court, which remains pending at this time. *Id.*, ECF Nos. 122.

In this § 2241 petition, petitioner claims that he is actually innocent of his sentence in light

of the Supreme Court decisions in *Apprendi v. New Jersey,* 530 U.S. 466 (2000), and *Alleyne v. United States*, — U.S. —, 133 S. Ct. 2151 (2013).  Pet. 1-3, ECF No. 1.

## II.  LEGAL STANDARD

28 U.S.C. § 2255 is the primary means under which a federal prisoner may collaterally attack the legality of a conviction or sentence.  *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990).  Section 2241, on the other hand, is used to challenge the manner in which a sentence is executed.  *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000).  A § 2241 petition attacking a federal conviction or sentence may only be considered if the petitioner establishes that the remedy under § 2255 is inadequate or ineffective to test the legality of his detention.  *Tolliver v. Dobre,* 211 F.3d 876, 877 (5th Cir. 2000).  The burden of demonstrating the inadequacy of the § 2255 remedy rests with the petitioner.  *Jeffers v. Chandler,* 253 F.3d 827, 830 (5th Cir. 2001).

In order to meet this burden, a petitioner must show that (1) his claim is based on a retroactively applicable Supreme Court decision, (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion, and (3) that retroactively applicable decision establishes that he may have been convicted of a nonexistent offense.  *Garland v.* Roy, 615 F.3d 391, 394 (5th Cir. 2010); *Reyes-Requena*, 243 F.3d at 904.  Petitioner has neither alleged nor demonstrated that he can meet this standard.

## III.  ANALYSIS

In *Apprendi*, the Supreme Court stated, "[A]ny fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  530 U.S. at 490.  The Supreme Court in *Alleyne* concluded that "the principle applied in *Apprendi* applies with equal force to facts increasing the mandatory minimum."  133 S.

Ct. at 2160. Thus, any fact that increases a defendant's mandatory minimum sentence is an element of the crime, not merely a sentencing factor, that must be submitted to the jury and found beyond a reasonable doubt. *Id.* at 2163. The Supreme Court however has not declared *Apprendi* or *Alleyne* retroactive on collateral review. *In re Kemper*, 735 F.3d 211, 212 (5th Cir. 2013)[1]; *Wesson v. U.S. Penitentiary*, 305 F.3d 343, 347 (5th Cir. 2002). Further, *Alleyne* was decided on June 17, 2013, and Petitioner may still raise his claim in his first § 2255 motion pending in the convicting court. In fact, Petitioner has moved to amend his § 2255 motion to include a claim under *Alleyne*. Mots.,*United States v. Mayo*, 3:11-CR-00114-TAV-CCS-1 (E.D. Tenn. Apr. 16, 2012), ECF Nos. 129 & 136. Finally, the cases do not decriminalize the conduct for which Petitioner was convicted. *Kinder v. Purdy,* 222 F.3d 209, 213-14 (5th Cir. 2000). Accordingly, § 2241 is not the proper procedural vehicle for bringing petitioner's claim, and the petition should be dismissed for lack of jurisdiction.

**IV.  CONCLUSION**

Because Petitioner may not assert his claim *via* a § 2241 petition, the petition should be dismissed for lack of jurisdiction. For the reasons discussed herein, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DISMISSED** for lack of jurisdiction. All motions not previously ruled upon are DENIED.

**SO ORDERED** on this **7th** day of **April, 2014.**

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE

---

[1]Petitioner argues that "[c]ontrary to the Fifth Circuit's decision in *In re Kemper*, the case for retroactivity of *Alleyne* is strong." Pet'r's Reply to Gov't's Resp. 4, ECF No. 11. This court however is bound by Fifth Circuit case law.